# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | No. CR14-0012-LRR |
| vs. | **ORDER** |
| BRANDON THOMPSON, | |
| Defendant. | |

This matter appears before the court on the defendant's motion to appoint appellate counsel (docket no. 63). The defendant filed such motion on May 26, 2015. Regarding a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2), the court exercised its discretion and appointed counsel, held a hearing on May 14, 2015 and determined that the defendant's sentence should be reduced. The defendant filed a notice of appeal on May 20, 2015. The court's appointment of counsel only pertained to the hearing. Appointed counsel's representation of the defendant concluded at the end of the hearing. The court did not appoint counsel for purposes of pursing appellate relief. There is no right to additional representation. *See United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009) (concluding that there is no right to assistance of counsel when pursing relief under 18 U.S.C. § 3582(c)); *see also United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) (holding that due process did not require the court to appoint counsel to resolve a 3582(c)(2) motion); *United States v. Webb*, 565 F.3d 789, 794-95 (11th Cir. 2009) (noting that the right to counsel, if any, must come from the Fifth Amendment due process clause, the Sixth Amendment guarantee of counsel or 18 U.S.C. section 3006A(c) and determining that 3582(c)(2) proceedings did not require the court to appoint counsel); *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (stating that the constitutional right to

appointed counsel extends only through the defendant's first appeal and, after that, the decision whether to appoint counsel is discretionary); *United States v. Reddick*, 53 F.3d 462, 464 (2d Cir. 1995) (holding that the Criminal Justice Act did not require appointment of counsel); *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) (holding that 18 U.S.C. § 3006A(c) did not entitle a defendant to appointed counsel). The matter of appointing counsel for appellate purposes is best addressed by the Eighth Circuit Court of Appeals. *Cf. United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008) (assuming that 3582(c)(2) proceeding is not ancillary, but rather collateral, to the original criminal case and exercising its appellate discretion to appoint appellate counsel in the interest of justice). Accordingly, the defendant's motion to appoint appellate counsel (docket no. 63) is denied without prejudice.

**IT IS SO ORDERED**.

**DATED** this 10th day of June, 2015.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA